# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | REC'D | CASE NO. |
|---|---|---|

**STATE OF MICHIGAN**
17TH  JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY

**REC'D**

**SUMMONS**

JUN 2 7 2023

**CASE NO.**
23- '05838 1CZ

**KENT COUNTY CLERK**

| Court address | Court telephone no. |
|---|---|
| 180 Ottawa Ave. NW, Grand Rapids, MI 49503 | 616-632-5220 |

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| 36TH STREET PROPERTIES, LLC<br>c/o Visser and Associates, PLLC | v | KENT COUNTY, 300 Monroe Ave. NW #1, Grand Rapids,<br>MI 49503<br><br>and<br><br>PETER MACGREGOR, 300 Monroe Ave. NW #1, Grand<br>Rapids, MI 49503<br><br>and<br><br>KENNETH D. PARRISH, c/o Kent County Treasurer 300<br>Monroe Ave. NW #1, Grand Rapids, MI 49503 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Donald R. Visser (P27961)<br>VISSER AND ASSOCIATES, PLLC<br>2480 44th Street SE, Suite 150<br>Kentwood, MI 49512<br>(616) 531-9860 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 20-09502-CZ _____ and assigned to Judge Paul J. Denenfeld _____

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date JUN 2 0 2023 | Expiration date* SEP 1 9 2023 | Court clerk LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE 17th CIRCUIT COURT,
COUNTY OF KENT

* * * * *

36TH STREET PROPERTIES, LLC, a Michigan
limited liability company,

        Plaintiff,

-vs-

KENT COUNTY, a Governmental Unit,
PETER MACGREGOR, in his individual and
official capacity; and KENNETH D. PARRISH,
in his individual and official capacity,

        Defendants.

Case No. 23-**05838**-CZ

HON.

**COMPLAINT**

**(JURY DEMAND)**

---

Donald R. Visser (P27961)
Daniel O. Myers (P49250)
VISSER AND ASSOCIATES, PLLC
*Attorneys for Plaintiff*
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860

E. Powell Miller (P39487)
Christopher D. Kayne (P61918)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, PC
*Attorneys for Plaintiff*
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

Philip L. Ellison (P74117)
OUTSIDE LEGAL COUNSEL, PLC
*Attorneys for Plaintiff*
PO Box 107
Hemlock, MI 48626
(989) 642-0055

Matthew E. Gronda (P73693)
PO Box 70
St. Charles, MI 48655
(989) 249-0350

---

## COMPLAINT

---

COMES NOW, Plaintiff 36TH STREET PROPERTIES, LLC by and through counsel, and

for Plaintiff's cause of action against Defendants KENT COUNTY, PETER MACGREGOR, and

KENNETH D. PARRISH (collectively "Defendants"), state as follows:

### PARTIES

1.    Plaintiff 36TH STREET PROPERTIES, LLC is a Michigan Limited Liability

Company that owned real property in Kent County.

2.    Defendant KENT COUNTY is a governmental unit in the State of Michigan

governing the political body known as Kent County ("COUNTY").

3.    Defendant PETER MACGREGOR ("MACGREGOR") is a public official

currently serving as the Treasurer of Kent County and is sued in his individual capacity.

4.    Defendant KENNETH D. PARRISH ("PARRISH") was the Treasurer of Kent

County until December 31, 2020.

5.    Upon information and belief, MACGREGOR and PARRISH were the only public

officials who served as Kent County Treasurer during the time period relevant to this Complaint.

6.    Prior to the foreclosures referenced below, Plaintiff owned real property in Kent

County ("Subject Property") as set forth in **Exhibit A**.

2

## JURISDICTION

7.    This is a civil action seeking, among other requested relief, recognition of a constructive trust, and unpaid "just compensation" against Defendants for violations of Article 10 of the Michigan Constitution and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

8.    This court has jurisdiction pursuant to MCL §600.601(1), MCL §600.6605, and MCL § 600.151.

9.    Venue is proper in this County pursuant to MCL § 600.1615, MCL § 600.1621(a), and MCL § 600.1627 because Defendants, individually and collectively, conduct or have conducted business in Kent County, and the Subject Property involved is physically located within Kent County. Moreover, the Defendants are either a municipal unit of government located in the County or is or were an officer of that municipal unit.

## THE TAX FORECLOSURE

10.    Prior to July 17, 2020, the collection of delinquent taxes was set out in the General Property Tax Act, sections MCL § 211.78 to MCL § 211.79A ("GPTA").[1]

11.    The GPTA allowed Counties to voluntarily choose to act as the Foreclosing Governmental Unit ("FGU") in lieu of designating the State of Michigan (the "State") to serve as the FGU for their Counties. *See* MCL 211.78(3).

12.    Defendant COUNTY and Defendants MACGREGOR and PARRISH chose to be the FGU pursuant to the General Property Tax Act ("GPTA"), under MCL § 211.78, thus making

---

[1] On July 17, 2020, the Michigan Supreme Court ruled some provisions of the GPTA were unconstitutional under the Michigan Constitution. Effective December 22, 2020, the GPTA was modified by 2020 Public Act 255 and 2020 Public Act 256.

affirmative, voluntary, and discretionary decisions for the County based on its and/or their own policy.

13.     Under the GPTA, Defendant COUNTY had multiple opportunities to choose to act as the FGU or have the State act as the FGU.

14.     Defendant COUNTY chose to act as the FGU.

15.     Defendants caused Plaintiff's interests in the Subject Property to be foreclosed pursuant to the GPTA as a result of delinquent taxes, unpaid assessments, fees, penalties, and/or interest ("Tax Foreclosure").

16.     Upon information and belief, at the time of the Tax Foreclosure, Plaintiff owed an amount to the County for delinquent taxes and/or assessments, interest, penalties, and fees reasonably related to the foreclosure and sale of the Subject Property ("Tax Delinquency") as shown in **Exhibit A.**

17.     Following the Tax Foreclosure, the Defendants retained ownership or directed, implemented, or gave instructions that the Subject Property be sold at auction to third parties or that the Subject Property be conveyed to the State of Michigan, a County, a township, a village, a city, a land bank, or government entity ("Tax Sale" or "Tax Sales").

18.     Upon information and belief, the Defendants received proceeds from the Tax Sale.

19.     Upon information and belief, the Defendants received proceeds from the Tax Sale that exceeded the Tax Delinquencies ("Surplus Proceeds").

20.     The amount of the "tax delinquency" at the time of foreclosure sale, the State Equalized Value (or "SEV"), the foreclosure "Sale Price", and "Surplus Proceeds" for the Subject Property is reflected on **Exhibit A.**

21.     Upon information and belief, the Defendants invested the Surplus Proceeds deriving income (the Surplus Proceeds and the income derived therefrom shall be referred to as "Accrued Surplus Proceeds").

22.     Defendants' actions, as described herein, were undertaken pursuant to an official rule, statute, policy and/or custom, thereby permitting Plaintiff's claims for liability against the County and others claiming immunity, as set forth in *Monell v New York City Dep't of Social Servs*, 436 US 658; 98 S Ct 2018 (1978) and *Carlton v Dep't of Corr*, 215 Mich App 490; 546 NW2d 671 (1996).

### *RAFAELI* AS THE FOUNDATION FOR THE CLAIMS

23.     On July 17, 2020, the Michigan Supreme Court issued its opinion in *Rafaeli, LLC v. Oakland County*, 505 Mich. 429; 952 N.W.2d 435 (2020) ("*Rafaeli*"), in which the Court held that the Surplus Proceeds from Tax Sale retained by the FGU must be returned to Plaintiff. The Rafaeli opinion is attached hereto as **Exhibit B**.

24.     *Rafaeli* held that Plaintiff has a common law right to the Surplus Proceeds and held the County's retention of Surplus Proceeds violated Article X, § 2 of the Michigan Constitution. Specifically, the Michigan Supreme Court opined that:

> To the extent the GPTA permits defendants to retain these surplus proceeds and transfer them into the county general fund, the GPTA is unconstitutional as applied to former property owners whose properties were sold at a tax-foreclosure sale for more than the amount owed in unpaid taxes, interest, penalties, and fees related to the forfeiture, foreclosure, and sale of their properties.

> *Rafaeli*, 505 Mich. at 474-75; 952 N.W.2d at 461.

25.     The *Rafaeli* court's decision recognized Plaintiff's vested right to return of the Surplus Proceeds as being protected by the Takings Clause of Michigan's Constitution. *Rafaeli*, 505 Mich. at 456.

### *HALL v. MEISNER* AND *TYLER v. HENNEPIN COUNTY* AFFIRM THAT FEDERAL PROTECTIONS APPLY IN ADDITION TO STATE CLAIMS

26.     On October 13, 2022, the Sixth Circuit Court of Appeals issued its opinion in *Hall v. Meisner*, ___ F.4th ___ (2023) ("*Hall*"), in which the Court held that Fifth Amendment protections apply to Tax Foreclosures. The *Hall* opinion is attached hereto as **Exhibit C.**

27.     On May 25, 2023, the United States Supreme Court issued its opinion in *Tyler v. Hennepin County*, ___ U.S. (2023) (Docket No. 22-166) which held that Fifth Amendment protections apply to owner's equity and that such rights are inherent and thus not subject to being modified by legislative action.

28.     Before *Rafaeli*, Plaintiff was statutorily disabled from filing claims for the return of Surplus Proceeds because the GPTA expressly required the FGU to retain the Surplus Proceeds pursuant to MCL § 211.783(8)(h) and MCL § 211.78n.

29.     Therefore, Plaintiff was precluded from making a claim for Proceeds prior to issuance of the Michigan Supreme Court's opinion in *Rafaeli*.

30.     The *Rafaeli* court held that Plaintiff has a common law right to the Surplus Proceeds and held the provisions of the GPTA which required the FGU to retain Surplus Proceeds violated the Michigan Constitution.

31.     The *Rafaeli* decision established Plaintiff's vested right to return of the Surplus Proceeds.

32.     In Michigan, a claim does not accrue until every element of the cause of action including damages exists. *See Henry v Dow Chem Co*, 319 Mich App 704, 720; 905 NW2d 422 (2017).

33.     Plaintiff's state and federal taking claims against Defendants accrued at the earliest on July 17, 2020 (hereinafter the "Date of Accrual").

34. The Defendants have failed to turn over the Surplus Proceeds to Plaintiff following the Date of Accrual.

35. The Surplus Proceeds are and have been subject to a constructive, involuntary, and/or *ex delicto* trust.

36. Pursuant to the decision of the Michigan Supreme Court in *Rafaeli*, as of July 17, 2020, Plaintiff is entitled to immediate recovery/return of the Surplus Proceeds the Defendants currently hold in constructive trust for the benefit of the Plaintiff.

37. After issuance of the *Rafaeli* decision, Defendants' retention of Plaintiff's Surplus Proceeds was outside the scope of activity authorized by the Constitution, statute, local charter charger or ordinance, or other law.

38. Defendants' conduct after July 17, 2020 falls outside the "exercise of governmental function."

39. Defendants' conduct before July 17, 2020 falls outside the "exercise of governmental function."

40. Defendants' actions and/or interactions were undertaken in willful and wanton disregard of Plaintiff's property rights guaranteed under the Michigan and United States Constitutions.

41. Defendants' retention of and/or failure to return Plaintiff's property is outside the scope of governmental immunity.

42. Upon information and belief, some of Plaintiff's Surplus Proceeds were deposited into the County's General Fund.

43. Upon information and belief, Defendant County has derived investment income from the retention of the Surplus Proceeds.

7

44.     Defendants' retention of Plaintiff's Surplus Proceeds is done so that the County can use the Surplus Proceeds for the County's own use and for the purpose of earning interest and/or investment income.

45.     The earning of interest and/or investment income is an activity that is conducted primarily for the purpose of producing a pecuniary profit for the County.

46.     In addition to the Surplus Proceeds, the County continues to hold the interest and/or investment income earned from the Surplus Proceeds.

47.     The Defendants have refused to turn over the Accrued Surplus Proceeds to Plaintiff on the Date of Accrual or at any time thereafter.

48.     Pursuant to the decision of the Michigan Supreme Court in *Rafaeli*, as of July 17, 2020, Plaintiff is entitled to the return or turnover of the Surplus Proceeds and, consequently, the return or turnover of the interest and/or investment income earned on the Surplus Proceeds.

49.     After issuance of the *Rafaeli* decision, Defendants' retention of Plaintiff's Accrued Surplus Proceeds was clearly not within the scope of activity authorized by the Constitution, statute, local charter charger or ordinance, or other law.

50.     Before issuance of the *Rafaeli* decision, Defendants' retention of Plaintiff's Accrued Surplus Proceeds was clearly not within the scope of activity authorized by the Constitution, statute, local charter charger or ordinance, or other law.

51.     On or after the date of accrual, the Defendants did not afford the Plaintiff any adequate process, plan, or legal mechanism to seek or achieve the turn-over of the Accrued Surplus Proceeds Defendants received for the Subject Properties.

52.     Defendants' retention of Plaintiff's Surplus Proceeds and interest earned thereupon after the date of accrual and after the Defendants become aware of the *Rafaeli* decision constitutes

8

either intentional misconduct or gross negligence, which is the proximate cause of Plaintiff's damages.

## THE *WAYSIDE* CLASS ACTION

53. *Wayside v Van Buren County*, United States District Court for the Western District of Michigan Case No. 1:14-cv-01274, was filed December 11, 2014 as a putative class action, alleging a defendant class of Michigan Counties, including Defendant COUNTY, violated federal law by retaining surplus proceeds from a sale of foreclosed property for unpaid taxes.

54. On March 24, 2023, the United States District Court for the Western District of Michigan Case preliminarily certified a proposed settlement class. As part of the order, the Court ordered that pending final determination of the proposed Settlement Agreement, putative Settlement Class Members other than those who timely and properly have opted out of the Class" could not "directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Action."

55. Plaintiff was a putative class member in the *Wayside* class action, but hastimely and properly submitted a notice opting out of the class prior to the filing of this Complaint.

## COUNT I
## CONSTRUCTIVE TRUST

56. Plaintiff incorporates the allegations above as if fully restated herein.

57. Prior to the Michigan Supreme Court's issuance of its Opinion in *Rafaeli*, Plaintiff was prevented from seeking the turnover of the Surplus Proceeds.

58. Defendants acquired custody of Plaintiff's property under such circumstances that Defendants may not in good conscience retain the beneficial interest of the Accrued Surplus Proceeds.

59.     A constructive Trust arises by operation of law. The Michigan Supreme Court in

*Weir v Union Trust Co*, 188 Mich 452, 463; 154 NW2d 357 (1915) stated:

> Constructive trusts arise by operation of law. The following is found in 39
> Cyc. p. 169:
>
> 'Constructive trusts do not arise by agreement or from intention, but by
> operation of law; and fraud, active or constructive, is their essential element.
> Actual fraud is not necessary, but such a trust will arise whenever the
> circumstances under which property was acquired make it inequitable that
> it should be retained by him who holds the legal title. Constructive trusts
> have been said to arise through the application of the doctrine of equitable
> estoppel, or under the broad doctrine that equity regards and treats as done
> what in good conscience ought to be done. Such trusts are also known as
> trusts *ex maleficio* or *ex delicto*, or involuntary trusts, and their forms and
> varieties are practically without limit, being raised by courts of equity
> whenever it becomes necessary to prevent a failure of justice.'

60.     A constructive trust exists when "property has been obtained through fraud,

misrepresentation, concealment, undue influence, duress, taking advantage of one's weakness or

necessities, or any other similar circumstances which render it unconscionable for the holder of

the legal title to retain and enjoy the property." *Kammer Asphalt Paving Co, Inc v East China Twp

Sch*, 443 Mich 176, 188; 504 NW2d 635 (1993). Defendants' conduct in failing to turn over

Plaintiff's property is *ex delicto*.

61.     Defendants' acquired possession of and/or title to the Accrued Surplus Proceeds

through duress, taking advantage of Plaintiff's weakness, necessities, or other circumstances.

62.     Defendants acquired and still hold Accrued Surplus Proceeds which are imbued

with and subject to a constructive, involuntary and/or *ex delicto* trust for the benefit of Plaintiff as

a matter of law.

63.     It is inequitable and unconscionable for Defendants to retain Plaintiff's property as

well as the benefits Defendants have obtained from retaining Plaintiff's property.

## COUNT II
## UNJUST ENRICHMENT
### (AGAINST DEFENDANT COUNTY)

64.     Plaintiff incorporates the allegations above as if fully restated herein.

65.     Defendant COUNTY has been unjustly enriched by its illegal taking and/or retention of Plaintiff's property.

66.     Plaintiff does not have an adequate and complete remedy at law except as asserted in this Complaint as alternative claims.

67.     It is inequitable for Defendants to retain Plaintiff's property and the benefits Defendants have obtained from retaining Plaintiff's property. *Dean v Dep't of Natural Res*, 399 Mich 84; 247 NW2d 876 (1976); *Rafaeli, LLC v Oakland County*, 505 Mich 429; 952 NW2d 434 (2020).

## COUNT III
## TAKING CLAIM – INVERSE CONDEMNATION (AGAINST DEFENDANT COUNTY AND DEFENDANT TREASURERS IN THEIR OFFICIAL CAPACITIES)
### (Alternative Count)

68.     Plaintiff incorporates the allegations above as if fully restated herein.

69.     Defendants refuse or have otherwise ignored demand to pay just compensation for Plaintiff's Surplus Proceeds.

70.     Defendants' failure or refusal to turn over of Plaintiff's Surplus Proceeds after *Rafaeli* constitutes a taking in violation of Article 10, § 2 of Michigan's 1963 Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

71.     In addition to the Surplus Proceeds, the Defendants have also retained income earned from the Surplus Proceeds ("Income Takings").

72.     Defendants' retention of earnings and/or interest on Plaintiff's Surplus Proceeds constitutes an additional taking under Article 10, § 2 of Michigan's 1963 Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

73.     Defendants' retention of the Accrued Surplus Proceeds is a continual, ongoing taking that is causing a continual accruing harm. See *HRSS, Inc v Wayne County Treasurer*, 279 F Supp 2nd 846, 854 (2003): "For the reasons stated above, the court finds that, if the interest earned on the overbid surpluses was greater than fees properly attributed to those surpluses, the resulting net interest is the property of the individual that owns the principal and that the County's retention of such interest, if it exists, without any compensation constitutes a taking in violation of the Fifth Amendment."

74.     Defendants have taken Plaintiff's property without using any direct condemnation process before the taking, including those Defendants could have utilized as outlined under the Uniform Condemnation Procedures Act, MCL 213.51, et seq.

75.     Defendants did not provide Plaintiff, on or after the date of accrual of his claims, any substantial or adequate opportunity to claim the Accrued Surplus Proceeds generated from the Subject Property, and Defendants did not provide or have an adequate process on or after the date of accrual for Plaintiff to claim compensation for Defendants' seizure of Plaintiff's property interest.

76.     Assuming the current version of the GPTA does not allow and/or require the Defendants to turn over the Accrued Surplus Proceeds to Plaintiff, Section 211.78m(8) of the GPTA, as amended by 2020 Public Act 256, violates the Michigan Constitution.[2]

77.     Defendants have not paid just compensation to the Plaintiff.

_____

[2] The GPTA was amended on December 22, 2021 by PA 255 and 256.

78. Defendants will not now pay just compensation to Plaintiff.

79. Defendants do not intend to pay just compensation in the future to Plaintiff.

80. An inverse condemnation has occurred as to Plaintiff.

81. Plaintiff has been injured by Defendants' actions.

82. Plaintiff is entitled to maintain this action as an action for inverse condemnation and a taking. *See Electro-Tech, Inc v HF Campbell Co*, 433 Mich 57; 445 NW2d 61 (1989).

## COUNT IV
## CONVERSION
## (AGAINST ALL DEFENDANTS)
## (Alternative Count)

83. Plaintiff incorporates all the allegations above as if fully restated herein.

84. Defendants' failure to turn over Plaintiff's Accrued Surplus Proceeds promptly after the Michigan Supreme Court's decision in *Rafaeli* was released deprived Plaintiff of his property and constitutes an act of conversion and theft.

85. Plaintiff demanded the Defendants relinquish Plaintiff's property.

86. Further demands are excused inasmuch as such efforts would be futile.

87. Defendants took Plaintiff's property without Plaintiff's consent.

88. Defendants continued control of Plaintiff's property constitutes conversion, embezzlement, or theft.

89. Plaintiff has been damaged as a direct result and proximate result of Defendants' actions.

13

**COUNT V**
**STATUTORY CONVERSION**
**(AGAINST ALL DEFENDANTS)**
**(Alternative Count)**

90.　Plaintiff incorporates the allegations above as if fully restated herein.

91.　On July 17, 2020, the Michigan Supreme Court issued its opinion in *Rafaeli*, which authorized Plaintiff to make claims and receive the Surplus Proceeds.

92.　Plaintiff demanded Defendants turn over Plaintiff's property.

93.　Defendants failed or refused to turn over Plaintiff's property.

94.　Defendants have converted Plaintiff's Accrued Surplus Proceeds to the County's own use as contemplated by MCL § 600.2919a.

95.　Defendants' continued retention and control of Plaintiff's property and Defendants' conversion of Plaintiff's property to the County's own use constitutes statutory conversion under MCL § 600.2919a.

96.　As a result of Defendants' actions, Plaintiff sustained damages.

97.　State law provides that a person damaged as a result of a violation of that law, "may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees." MCL § 600.2919a. Plaintiff is, therefore, entitled to treble damages.

98.　Plaintiff is entitled to recovery of the actual reasonable attorney fees incurred in bringing and prosecuting this action. MCL § 600.2919a.

**COUNT VI**
**42 USC § 1983**
**VIOLATION OF SUBSTANTIVE DUE PROCESS**
**(AGAINST ALL DEFENDANTS)**
**(Alternative Count)**

99.　Plaintiff incorporates the allegations above as if fully restated herein.

100.    Pursuant to the Fourteenth Amendment of the United States Constitution, Plaintiff is entitled to substantive due process.

101.    Defendants' taking of Plaintiff's property deprived Plaintiff of substantive due process.

102.    Defendants' conduct in seizing Plaintiff's Accrued Surplus Proceeds, and refusal to return the same, even after the Michigan Supreme Court's decision in *Rafaeli*, is arbitrary and/or shocks the conscience.

103.    Plaintiff has been damaged as a direct and proximate result of Defendants' violations.

104.    Plaintiff does not have an adequate remedy at law except as asserted in this Complaint.

## COUNT VII
## 42 USC § 1983
## VIOLATION OF PROCEDURAL DUE PROCESS
## (AGAINST ALL DEFENDANTS)
### (Alternative Count)

105.    Plaintiff incorporates the allegations above as if fully restated herein.

106.    Pursuant to the Fourteenth amendment, Plaintiff is entitled to procedural due process.

107.    Plaintiff has a Constitutionally protected property interest in Surplus Proceeds.

108.    Ever since the issuance of *Rafaeli*, Defendants provided no adequate method or procedure for Plaintiff to secure return of his property or obtain it from Defendants.

109.    Defendants' retention of Plaintiff's Surplus Proceeds without notice or opportunity to be heard deprived Plaintiff of procedural due process.

110.    Plaintiff has been damaged as a direct and proximate result of Defendants' violations.

## COUNT VIII
## 42 USC § 1983
### TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION
### (AGAINST ALL DEFENDANTS)
### (Alternative Count)

111. Plaintiff incorporates the allegations above as if fully restate herein.

112. The Fifth Amendment, made applicable to the States via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendants. *See Knick v Twp of Scott*, 139 S Ct 2162 (2019).

113. Defendants have taken Plaintiff's property and appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. See *Hall v Meisner*, ___ F3d ___ (2022).

114. Defendants' refusal to take (or not take) action to effectuate the return of Plaintiff's property after *Rafaeli* deprived Plaintiff of his constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

115. Plaintiff is entitled to interest from the time of taking until payment as a part of just compensation in accordance with *Jacobs v United States*, 290 US 13 (1933); *Knick v Twp of Scott*, 139 S Ct 2162 (2019), and his progeny.

116. Defendants' retention of earnings or interest on the Surplus Proceeds is a continual ongoing taking that is causing a continual harm. *See HRSS, Inc v Wayne County Treasurer*, 279 F Supp 2nd 846, 854 (2003).

117. Defendants' taking of Plaintiff's property also violated and continues to violate 42 USC § 1983 and Plaintiff is entitled to attorney fees pursuant to 42 USC § 1988.

118. Plaintiff has been injured and has suffered damages.

## COUNT IX
## TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION
## "ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT
## (AGAINST ALL DEFENDANTS)
## (Alternative Count)

119.    Plaintiff incorporates the allegations above as if fully restated herein.

120.    Plaintiff makes this claim directly under the Fifth Amendment of the United States Constitution (the "Fifth Amendment").

121.    The Fourteenth Amendment of the United States Constitution (the "Fourteenth Amendment") has made the Fifth Amendment directly applicable to the individual States.

122.    The Takings Clause, applicable to the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." *Tyler v. Hennepin Cnty., Minnesota*, 143 S. Ct. 1369, 1375 (2023). See also Id at 1378 ("[t]o withhold the surplus from the owner would be to violate the Fifth Amendment to the Constitution and to deprive him of his property without due process of law, or to take his property for public use without just compensation.") (quoting *United States v. Lawton*, 110 U. S. 146, 150 (1884)).

123.    The taking of Plaintiff's property without just compensation is in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

124.    By Defendants' refusal to take (or not take) any action effectuating the turnover of Plaintiff's property after *Rafaeli*, Defendants have deprived Plaintiff of Plaintiff's constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments, and the violation can, therefore, be remedied by a direct claim under the Fifth Amendment.

125.    Plaintiff is entitled to interest from the time of taking until payment as part of just compensation in accordance with *Jacobs v United States*, 290 US 13 (1933); *Kick v Twp of Scott*, 139 S Ct 2162 (2019), and his progeny.

17

126.    Defendants' retention of earnings or interest on the Surplus Proceeds is a continual ongoing taking that is causing a continual harm. *See HRSS, Inc v Wayne County Treasurer*, 279 F Supp 2nd 846, 854 (2003).

127.    Plaintiff has been injured and have suffered damages.

## COUNT X
## VIOLATION OF THE EIGHTH AMENDMENT
## (AGAINST ALL DEFENDANTS)
## (Alternative Count)

128.    Plaintiff incorporates all allegations above as if fully restated herein.

129.    This Count is pled to the extent that Defendants argue or assert that Plaintiff was punished with an in-rem civil forfeiture pursuant to the GPTA.

130.    The Eighth Amendment to the United States Constitution (the "Eighth Amendment"), located in the United States Bill of Rights, prohibits the government from imposing excessive fines, which the US Supreme Court has applied to action(s) involving *in-rem* civil forfeitures.

131.    The Fourteenth Amendment makes the Eighth Amendment applicable to the individual States.

132.    By imposing and retaining an excessive fine in the form of the *in-rem* civil forfeiture of Plaintiff's equity interest in the Subject Properties in excess of the Tax Delinquencies, Plaintiff's Eighth Amendment rights have been violated. *See Austin v United States*, 509 US 602 (1993).

133.    Defendants' retention of Plaintiff's Surplus Proceeds and/or Fair Market Price, which, by definition, is exclusive of the Tax Delinquencies, is punitive and not remedial.

134.    Defendants' conduct was reckless and undertaken with complete indifference to Plaintiff's federal right to be free from violations of the Eighth Amendment.

135. Violations of the Eighth Amendment are remedied by a money judgment against Defendants, pursuant to 42 USC § 1983 and § 1988,

136. Plaintiff has been injured and has suffered damages.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

a. Enter an order declaring the Defendants' retention of Plaintiff's Accrued Surplus Proceeds as unconstitutional under the Michigan Constitution and United States Constitution, even if the conduct was taken under and consistent with the General Property Tax Act;

b. Enter an Order confirming the constructive trust to remedy Defendants' unconscionable withholding of Plaintiff's property and requiring an accounting and turnover of all Accrued Surplus Proceeds over the relevant time frames;

c. Enter an Order finding Defendants liable under any or all counts contained herein;

d. Enter an order for any and all damages and/or compensation as is deemed proper;

e. Enter an order requiring Defendants to turn over the Accrued Surplus Proceeds due to Plaintiff;

f. Enter an order disgorging the interest or money earned by the Defendants on the retention of the proceeds from the Tax Sales of Plaintiff's property to the extent that the proceeds from the sales exceed the Tax Delinquencies for Plaintiff's properties;

g. Enter an order for an award of any and all damages available under state law as applicable, including but not limited to, an award of nominal and punitive damages;

h. Enter an order for an award of treble the amount of the Accrued Surplus Proceeds, plus actual attorney fees, for violation of MCL 600.2919a;

i. Enter an order for an award of attorney fees and expenses pursuant to all other applicable laws, rules, or statutes;

j. Enter an order for an award of attorney fees, costs, and interest from the date of Judgment until Defendants pay the Judgment;

k.      Enter an order for all such other legal and equitable relief the Court deems proper.

**JURY DEMAND**

For all triable issues, a jury is hereby demanded.


VISSER AND ASSOCIATES, PLLC

Dated: June 30, 2023

**Donald R. Visser (P27961)**
Daniel O. Myers (P49250)
*Counsel for Plaintiff*

20

36th Street Properties, LLC v Kent County, et al

Case No. 23- _____-CV

# EXHIBIT A

**To Plaintiff's Complaint**

EXHIBIT A to COMPLAINT

| Plaintiff | Property Address(es) | Parcel Number(s) | Foreclosure Year | Tax Delinquency | SEV at Foreclosure | Sales Price | Surplus Proceeds | FMV Proceeds |
|---|---|---|---|---|---|---|---|---|
| 36th St. Properties, LLC | 4880 36th St SE, Grand Rapids | 41-19-19-100-034 | 2013 | $ 77,500.00 | $ 367,800.00 | $ 291,000.00 | $ 213,500.00 | $ 658,100.00 |

1